FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 19 2019 ★

LONG ISLAND OFFICE

August 19, 2019

Honorable Joanna Seybert U.S.D.J.
United States District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11772

RE: **Plaintiff's Reply in Opposition to Defendants' Letter Motion Requesting Pre Trial Conference on Defendants' Motion To Dismiss Plaintiff's Second Amended Complaint**
RE: Danielle Sutton vs. Stony Brook University, Nicole Galante in her Individual and Official capacities, Charles Taber in his Individual and Official Capacities, Samuel L. Stanley, Jr. in his Individual and Official capacities. 18- CV - 07434 (JS) (ARL)

Dear Judge Seybert:

I am the Plaintiff in the above referenced case. I hereby object and oppose Defendants' Letter Motion for Pre Trial Motion Conference to Dismiss Second Amended Complaint.

I was a graduate student in good academic standing arbitrarily, in bad faith, abruptly yanked out (suspended) of my Student Teaching Internship in the middle of my final semester without a hearing or proper notice and, shortly thereafter, fraudulently expelled for refusing to sign the Program Director's (Galante) discriminatory illegal contract. The dismissal was **non** academic. It was retaliation for speaking out about harassment from my 70 year old male supervisor and his demands to breakfast, privately, off campus at hotels. Breakfasts were **not** part of the curriculum. I completed all Degree coursework. The last semester was for state certification only with a companion seminar. Defendants violated policies, federal law and massively abused their power.

Contrary to what Defendants say, this court <u>can</u> readmit/award degrees when, as in my case, policy is not followed, see *Kantor vs. Schmidt* 423 N.Y.S. 2d 208 (N.Y. App. Div. 1979 and *Matter of Scott McConnell v LeMoyne College,* Appellate Div. NY 4th Dept., 2006.) Defendants actions were retaliatory, personal and violated policy and procedure. In *Alcorn v. Vaksman,* 877 S.W.2d 390 (1994) the Texas Appeals Court ordered a public university to readmit an expelled graduate student it "intentionally harm[ed] [Vaksman] solely because of personal disagreements or grievances wholly apart from academic considerations," Although Stanley and Taber have resigned, their successors **can** readmit me and award my degree. See *Fed. R. Civ. P. 25(d)*.

**JURISDICTION/NO IMMUNITY:** Defendants are sued under 42 U.S.C. Section 1983 "holding that state officials sued in their individual capacities are "persons" for purposes of § 1983". When the right is so "clearly established" that a "reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); Defendants cannot claim immunity: when they violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because `official-capacity actions for prospective relief are not treated as actions against the State.'"*Will,* 491 U.S. at 71 n. 10, 109 S. Ct. at 2311 n. 10, 105 L. Ed. 2d at 58, n. 10 (citing *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14, 105 S. Ct. 3099, 3106, n. 14, 87 L. Ed. 2d 114 (1985).) See also *Torres v. City University of New York,* 1991 WL 143359, 1991 U.S. Dist. LEXIS 9977 (S.D.N.Y.1991). Defendants acted in bad faith outside the scope of their duties and are not

RECEIVED
AUG 19 2019
EDNY PRO SE OFFICE

1

immune. I wrote to Stanley, and he received three letters from TheFire.Org that I had been denied documents relevant to my defense. See *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995) "deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. " Id. (quoting *Williams v. Smith,* 781 F.2d 319, 323-24 (2d Cir.1986)). Stanley aided and abetted wrongdoing and is liable. SEE *see Edwards v Jericho Union Free Sch. Dist.,* 904 F Supp 2d 294, 304 [ED NY, Nov. 16, 2012.

**Title IX affords a remedy and private action.** "Title IX affords a remedy to a student who is subjected to sexual harassment by a teacher or professor at an educational institution receiving Federal funds quoting; *Papelino v. Albany Coll. of Pharmacy of Union Univ.* , 633 F.3d 81, 88-89 (2d Cir. 2011) and the institution held liable if it is established that the school official had authority and did not address the harassment." Quoting *Irrera vs. Humpherys* US Court of Appeals, 2nd Circuit, 2017." 20 U.S.C. Sec. 1681(a) (1988). Defendants/Dean hid the complaint from Title IX Officer. Title IX is enforceable through an implied private right of action, *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979), for monetary damages as well as injunctive relief, *Franklin v. Gwinnett County Pub. Sch.,* 503 US 60, 1992 holding monetary damages are available under Title IX. See *Yusuf v. Vassar College, 827 F.Supp. 952, (S.D.N.Y.1993), US Court of Appeals, Second Circuit.* "...we reverse the district court's dismissal of Yusuf's Title IX claim and reinstate Yusuf's supplemental state law claims."

**Claims and Relief:** My complaint has 341 facts; "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). ) " In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true." In *Haines vs. Kerner,* 404 U.S. 519 1972, a Pro Se complaint "should not be dismissed before allowing plaintiff to present evidence on his claims." The district court's role is to ensure that the claims of pro se litigants are given "fair and meaningful consideration."*Matzker v. Herr,* 748 F.2d 1142, 1146 (7th Cir.1984); *Caruth v. Pinkney,* 683 F.2d 1044, 1050 (7th Cir.1982) *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)." Because the complaint was dismissed for failure to state a claim, we must take as true its handwritten *pro se* allegations. *Cooper v. Pate,* 378 U.S. 546 (1964). See Also *McConnell vs. LeMoyne* and *Branum v. Clark 927 F.2d 698 (1991)* United States Court of Appeal. As in *Doe vs. Columbia University,* No. 15-1536 (2d Cir. 2016) my 2nd Amended Complaint meets and exceeds the "low" standard described in *Littlejohn vs. City of New York* "by alleging facts that give rise to a plausible minimal inference of bias sufficient to survive a motion to dismiss which the court held applies to Title IX cases." At the pleading stage, "a plaintiff is not required to plead a *prima facie* case under *McDonnell Douglas*...to defeat a motion to dismiss." Id. at 84. Instead, since "'a temporary presumption of discriminatory motivation' is created under the first prong of the *McDonnell Douglas* analysis, a plaintiff 'need only give plausible support to a minimal inference of discriminatory motivation.'" Id. (quoting *Littlejohn v. City of New York,* 795 F.3d 297, 307, 311 (2d Cir. 2015)). My claims are valid; relief is reinstatement, award of the degree and damages.

**CAUSAL CONNECTION:** *Summa v. Hofstra Univ.,* 708 F.3d 115, 127-28 (2d) 2013 'We have regularly held that "[t]he causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely followed in time by the adverse action." *Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 217 (2d Cir.2001). On the contrary, my

2

Second Amended Complaint has shown a causal connection and very close proximity to adverse action: speaking out about harassment followed by retaliation, suspension and expulsion.

**4 CORNERS**: Defendants must stay within the 4 corners of my Second Amended Complaint. They have altered my facts to "gin up" their own **false** narrative. However, "consideration is limited to the facts stated in the complaint and documents attached to the complaint as exhibits or incorporated by reference. See *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)". Defendants can't include hearsay non authenticated out of court statements, improperly retrieved electronic communications. See *Tubbs vs. Stony Brook University et al.* cv 00517 - (S.D.N.Y. 2016 - extrinsic documents were not admitted; the Motion to Dismiss denied in its entirety).

**FOURTEENTH AMENDMENT/DUE PROCESS** In Goss *v. Lopez*, 419 U.S. 565 (1975) the Supreme Court has ruled that students have a "legitimate entitlement to a public education as a property right". "[W]hen a university has adopted a rule or guideline establishing the procedure to be followed in relation to suspension or expulsion[,] that procedure must be substantially observed" *(Tedeschi v. Wagner Coll.*, 49 N.Y.2d 652, 660, 427 N.Y.S.2d 760, 404 N.E.2d 1302) "and where, as here, that procedure was not substantially observed the petition should be granted" (see id.;  see generally *Matter of Berkeley-Caines v. St. John Fisher Coll.*, 11 A.D.3d 895, 895-896, 782 N.Y.S.2d 309; *Matter of Bennett v. Wells Coll.* [Appeal No. 1], 219 A.D.2d 352, 356, 641 N.Y.S.2d 929). Quoting: *Matter of Scott McConnell v LeMoyne College*, Appellate Div NY 4th Dept., 2006. I had a due process right to continued enrollment, a hearing and notice. Even in sexual misconduct cases, students **complete their semester** and are **not banned** from University or expelled mid semester as I was. (See *Doe vs. Haas, Shane, SUNY Stony Brook* CV-00014-DRH-AKT, 2019 - the student had a 6 months suspension <u>after</u> completion of semester), see *Tubbs vs. Stony Brook* CV 00517 SDNY 2018 and *McConnel v Le Moyne College* and *Branum v. Clark* 927 F.2d 698 1991 (property interest in degree). Taber's dismissal letter dated 10/25/2017 violated published policy/procedure and the *vagueness doctrine* (Due Process 14th Amendment) see *D.C. and M.S. v. City of St. Louis, Mo.*, 795 F.2d 652, 653 (8th Cir.1986).

**State claims:** <u>Negligence:</u> Defendants negligently employed and promoted Thomas Mangano, who has a history of sexual harassment, see *Ryder vs. East Meadow School District and Thomas Mangano, Case/Index No.*   00-00723 and CV 003209  *ADS, E.D.N.Y. 2000/20021* <u>Breach of contract:</u> In *Novio v. New York Acad. of Art* United States District Court for the S.D.N.Y. July 17, 2018, certain promises in the contract can survive on a motion to dismiss see *Clarke v. Tr. of Columbia Univ. of City of N.Y., No. 95 Civ. 10627 (PKL), 1996.*   See *Ross vs. Creighton University* 957 F.2d 410 (1992) U.S. Ct. of Appeals 7th. Cir. (citing *Carr v. St. John's Univ.*, 17 A.D.2d 632, 231 N.Y.S.2d 410 (App.Div.), *aff'd without opinion*, 12 N.Y.2d 802, 235 N.Y.S.2d 834, 187 N.E.2d 18 (1962). Stony Brook breached an implied/express contract. Defendants carte blanche breached and violated their own published policies on dismissal and suspension. A teacher owes a <u>fiduciary duty</u>. See *Kris Johnson v. Schmitz, 119 F. Supp. 2d 90 (D. Conn. 2000)* and *Martinelli v. Bridgeport Roman Catholic Diocesan 1*96 F.3d, 409 429 2nd Cir. 1999.

Respectfully submitted,

*[signature]*

Danielle Sutton, Plaintiff Pro Se
927 Montauk Hwy., Post Office Box 113
Oakdale, NY 11769
cc: Richard Yorke, atty for Defendants

3