

The Graduate School
Office of the Dean
2401 Computer Science
2nd Floor
Stony Brook, NY 11794-4433

TEL: 631.632.7035
FAX: 631.632.7610

Charles.taber@stonybrook.edu

December 19, 2017

Daniel Sutton
P.O. Box 13
Oakdale, NY 11769

Dear Ms. Sutton:

The GCAC reviewed your appeal of your dismissal by the School of Professional Development following the procedures laid out in the Graduate Bulletin. After thorough review of your appeal, the relevant documents and emails, and standard policies and procedures in the School of Professional Development, the GCAC came to the unanimous conclusion that "it is the opinion of the GCAC that Danielle Sutton was rightfully dismissed from the program." The GCAC report (attached) made the following points, quoted from their recommendation:

—Ms. Sutton appealed on the basis of "arbitrary improper academic dismissal" and a different application of standards compared to other similar students.

The program has provided evidence that the student did not meet program requirements, thus the dismissal was not arbitrary. There is evidence that other students with similar failure to perform (e.g., lateness/absence and poor teaching reviews) were treated in a similar manner: given an opportunity to improve, and if they rejected the opportunity or failed to improve, they faced dismissal from the program.

—Ms. Sutton cites a lack of clear documentation from the program director, Prof. Galante.

There is no substance for this claim. There were detailed email communications from Prof. Galante to Ms. Sutton documenting the bases for Prof. Galante's action and the actions Ms. Sutton was required to take to remediate her academic problems.

The graduate program has provided evidence that the actions taken by Prof. Galante were in essence identical to prior actions taken with students in the program whose performance was inadequate. As such, there is a process in place that is being followed, and the treatment of Ms. Sutton was similar to the treatment of other students in the program.

—Ms. Sutton complained that she was not given a reason for the dismissal.

The program provided several e-mails to Ms. Sutton addressing her performance issues:

1) Ms. Sutton was in breach of her student teaching contract which all students in her program are required to sign upon matriculation.
2) Ms. Sutton was excessively late to her student teaching practicum at Sachem North.
3) Ms. Sutton was poorly prepared with lesson plans and demonstrated lack of professionalism and interest in students.
4) Ms. Sutton failed to respond to communications with Prof. Galante in a timely manner, including the completion of the Deep Reflections assignment that Ms. Sutton believed was a form of punishment.

—Finally, we found no evidence that anyone impersonated Ms. Sutton or that her withdrawal was improper.

In conclusion, it is the opinion of the GCAC that Danielle Sutton was rightfully dismissed from the program.

Based on this recommendation, I deny your appeal of your dismissal from the English Teacher Program in the School of Professional Development.

This is a final determination.

Sincerely,

Charles S. Taber
Vice Provost for Graduate and Professional Education

Cc:   GCAC
      Ken Lindblom, Dean, School of Professional Development
      Melissa Jordan, Senior Assistant Dean, Graduate School and SPD

## GCAC Report in the Case of Danielle Sutton

The Graduate Council Appeals Committee (GCAC) has discussed the following in the case of graduate student, Danielle Sutton:

—Ms. Sutton appealed on the basis of "arbitrary improper academic dismissal" and a different application of standards compared to other similar students.

The program has provided evidence that the student did not meet program requirements, thus the dismissal was not arbitrary. There is evidence that other students with similar failure to perform (e.g., lateness/absence and poor teaching reviews) were treated in a similar manner: given an opportunity to improve, and if they rejected the opportunity or failed to improve, they faced dismissal from the program.

—Ms. Sutton cites a lack of clear documentation from the program director, Prof. Galante.

There is no substance for this claim. There were detailed email communications from Prof. Galante to Ms. Sutton documenting the bases for Prof. Galante's action and the actions Ms. Sutton was required to take to remediate her academic problems.

The graduate program has provided evidence that the actions taken by Prof. Galante were in essence identical to prior actions taken with students in the program whose performance was inadequate. As such, there is a process in place that is being followed, and the treatment of Ms. Sutton was similar to the treatment of other students in the program.

—Ms. Sutton complained that she was not given a reason for the dismissal.

The program provided several e-mails to Ms. Sutton addressing her performance issues:

1) Ms. Sutton was in breach of her student teaching contract which all students in her program are required to sign upon matriculation.
2) Ms. Sutton was excessively late to her student teaching practicum at Sachem North.
3) Ms. Sutton was poorly prepared with lesson plans and demonstrated lack of professionalism and interest in students.
4) Ms. Sutton failed to respond to communications with Prof. Galante in a timely manner, including the completion of the Deep Reflections assignment that Ms. Sutton believed was a form of punishment.

—Finally, we found no evidence that anyone impersonated Ms. Sutton or that her withdrawal was improper.

In conclusion, it is the opinion of the GCAC that Danielle Sutton was rightfully dismissed from the program.

Signed:

electronic endorsement on file
Sarah Battaglia, staff member

electronic endorsement on file
Jia Wei C., student member

David Talmage, faculty member

Vasily S., student member